**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CARL LEE ADKINS**                                                          **PETITIONER**

**v.**                                            **CIVIL ACTION NO. 3:25-CV-P798-JHM**

**LAURA PLAPPERT**                                                        **RESPONDENT**

### MEMORANDUM OPINION

Petitioner Carl Lee Adkins filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (DN 1).  The petition is before the Court for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**I.**

Petitioner was convicted in Jefferson Circuit Court on March 7, 2013, of first-degree sexual abuse and second-degree burglary.  He appealed, and the Kentucky Supreme Court affirmed his conviction on June 19, 2014.

In June 2017, Petitioner filed an RCr 11.42 motion in the Jefferson Circuit Court, which was denied.  Petitioner appealed.  The Kentucky appellate court affirmed on March 20, 2020. *Adkins v. Commonwealth*, No. 2017-CA-001585-MR, 2020 WL 1330197, at *1 (Ky. Ct. App. Mar. 20, 2020).

On December 19, 2022, Petitioner filed a motion for additional DNA testing under Ky. Rev. Stat. § 422.285 in the trial court, which denied it on February 1, 2023.  *Adkins v. Commonwealth*, No. 2023-CA-0503-MR, 2024 WL 4795697, at *1 (Ky. Ct. App. Nov. 15, 2024), *review denied* (Oct. 15, 2025).  The appellate court affirmed on November 15, 2024. *Id.* The Kentucky Supreme Court denied his motion for discretionary review on October 15, 2025. *Id.*

Petitioner filed the instant § 2254 petition in this Court on November 24, 2025.[1]  In it, he challenges the constitutionality of the state-court denials of his request for DNA testing under Ky. Rev. Stat. § 422.285.[2]  DN 1, PageID #: 6.  In affirming the trial court, the Kentucky state appellate court held that Petitioner had not provided an explanation of how additional DNA testing of hair taken from a comforter where his DNA had been found would have been favorable to him at trial because, even if testing would show that the hair belonged to someone else, that fact would not exonerate Petitioner whose DNA was found on the six-year-old victim's groin area.  DN 1-1, PageID #: 24 (Kentucky Court of Appeals Opinion No. 2023-CA-0503-MR).

## II.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), sets forth a statute of limitations for state prisoners seeking release from custody.  The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the

---

[1] "Under the prison mailbox rule, a habeas petition is considered filed when the prisoner provides the petition to prison officials for filing."  *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 456 (6th Cir. 2012); *see also Houston v. Lack*, 487 U.S. 266 (1988).

[2] Since 2013, Ky. Rev. Stat. § 422.285 has provided that persons convicted of certain offenses, including Petitioner's, may request DNA testing after conviction.  It bestows "discretion upon the trial court when 'the petitioner's verdict or sentence would have been more favorable if the results of DNA testing and analysis had been available at the trial leading to the judgment of conviction; or [ ] DNA testing and analysis will produce exculpatory evidence.'"  *Burden v. Commonwealth*, 688 S.W.3d 541, 546 (Ky. Ct. App. 2023) (quoting Ky. Rev. Stat. § 422.285(6)(a)).

2

Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Here, Petitioner's conviction became final, for purposes of the AEDPA's statute-of-limitations period, on September 17, 2014, when the 90-day time period for filing a petition for a writ of certiorari to the United States Supreme Court ended. *See Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).  Thus, the one-year time period for Petitioner to file a habeas petition ended on September 17, 2015.

Although Petitioner did file post-conviction motions, he did not do so until June 2017. Using June 1, 2017, as the date he filed his first post-conviction motion, that motion was filed over a year and a half after the one-year time period expired on September 17, 2015.  A state court post-conviction motion that is filed after the expiration of the limitations period cannot toll the one-year limitations period because there is no period remaining to be tolled.  *See O'Neal v. Hughes*, No. 22-5745, 2023 WL 2139818, at *2 (6th Cir. Jan. 31, 2023); *Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002).  In other words, the AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings.  *See Searcy v. Carter,* 246 F.3d 515, 519 (6th Cir. 2001).

Because the statute of limitations in § 2244(d)(1) is not jurisdictional, it is subject to equitable tolling. *Sherwood v. Prelesnik*, 579 F.3d 581, 587-88 (6th Cir. 2009).  "To be entitled to equitable tolling, [Petitioner] must show '(1) that he has been pursuing his rights diligently,

and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."
*Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418
(2005)).  The Sixth Circuit cautions that equitable tolling relief should be granted sparingly.
*Sherwood*, 579 F.3d at 588.

Because the petition appeared to be barred by the applicable statute of limitations, the
Court directed Petitioner to show cause why his petition should not be denied and his action
dismissed as untimely (DN 15).  In response (DN 16) to the Court's show-cause order, Petitioner
argues that he is actually innocent because a DNA profile from an "unrelated incident was
wrongly said to have matched the profile in this case," but the trial court excluded testimony
related to that DNA profile.  He points to his motion for an evidentiary hearing and attached
exhibits (DN 9) in this case which he asserts would prove his factual innocence at a hearing and
requests the Court to reconsider its denial of that motion as premature (DN 13).[3]

A petitioner may be entitled to invoke the actual-innocence exception to bypass the one-
year limitations period.  *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) ("We hold that actual
innocence, if proved, serves as a gateway through which a petitioner may pass whether the
impediment is a procedural bar . . . or . . . expiration of the statute of limitations.").  To make out
a credible claim of actual innocence, Petitioner must support his allegations of federal
constitutional error with "new reliable evidence-whether it be exculpatory scientific evidence,
trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial."
*Schlup v. Delo*, 513 U.S. 298, 324 (1995).  Without any new reliable evidence and facts showing
actual innocence, even the existence of a meritorious claim of a federal constitutional violation is
not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to

---

[3] On March 26, 2026, the Court denied Petitioner's motion for an evidentiary hearing as premature (DN 13) because
initial review of this habeas action had not yet occurred.

reach the merits of a habeas claim that is time-barred. *Id.* at 316; *see also Noe v. McKenzie*, No. 25-5570, 2026 WL 806652, at \*2 (6th Cir. Feb. 9, 2026) (finding that petitioner failed to show actual innocence because he had not presented new reliable evidence showing that it was "more likely than not . . . [that] no reasonable juror would find him guilty beyond a reasonable doubt") (quoting *House v. Bell*, 547 U.S. 518, 538 (2006)); *Adams v. Smith*, No. 3:16CV-P3-JHM, 2016 WL 7173794, at \*5 (W.D. Ky. Dec. 7, 2016) (finding that petitioner who did not argue any "new facts" or present "new reliable evidence" was not entitled to equitable tolling on the basis of actual innocence). Here, Petitioner fails to point to any new evidence. The exhibits to his motion for an evidentiary hearing in this case consist of documents predating his trial. And his argument that new DNA testing, if conducted, would provide evidence of his innocence is to no avail as well. *See Goble v. Taylor*, No. CIV. 14-58-ART-REW, 2015 WL 770389, at \*5 (E.D. Ky. Feb. 19, 2015) ("Goble cannot enter the actual-innocence gateway for one simple reason: he has no new evidence. Rather, Goble speculates that *if* he received a DNA test then, maybe, those results would exonerate him.") (citing *McQuiggin,* 569 U.S. at 386).

Consequently, the Court will, by separate Order, dismiss the instant habeas petition as time-barred.

### III.

An individual, who unsuccessfully petitions for writ of habeas corpus in a federal district court and subsequently seeks appellate review, must secure a certificate of appealability (COA) from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1). A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further. *Id*. In such a case, no appeal is warranted. *Id*. The Court is satisfied that no jurist of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

## IV.

The Court will enter an order consistent with this Memorandum Opinion.

Date:   July 28, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Petitioner, *pro se*
4414.009

6